**NORTHWEST CENTRAL PIPELINE CORP., Plaintiff,**

v.

**MESA PETROLEUM CO., Cabot Petroleum Corp., JER Partnership, Yuma County Oil Co., Amoco Production Co., Prima Energy Corp., Carlyle Petroleum, Inc., Alpar Resources, Inc., John P. Lockridge, individually, and MTS Limited Partnership, Defendants.**

Civ. A. No. 85–M–631.

United States District Court, D. Colorado.

May 24, 1989.

See also 643 F.Supp. 280.

Frederic K. Conovor II, Michael S. McCarthy and Catherine A. Lemon, Denver, Colo., and John T. Schmidt and Shirley E. Guntharp, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, Okl., for plaintiff.

Gary C. Davenport, McGloin, Davenport and Severson, Denver, Colo., and William F. Demarest, Jr., Washington, D.C., for defendants Amoco, Prima Energy, Talus Properties, Alpar Resources and Lockridge.

Jeffrey A. Chase and William D. Watson, Holme, Roberts & Owen, Denver, Colo., for defendant Mesa Petroleum.

Barry W. Spector and Theodore M. Smith, Denver, Colo., for defendants JER Partnership and Yuma County Oil.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Plaintiff Northwest Central Pipeline Corporation, now known as Williams Natural Gas Company (WNG) entered into contracts with the defendants, who are suppliers of natural gas (the "sellers"). These contracts were for long periods of time, and were entered into while the price of natural gas was regulated by the federal government. The natural gas at issue became deregulated on January 1, 1985, and the deregulated market price dropped well below the regulated price.

On January 4, 1985, WNG wrote to the sellers stating that it was electing to terminate the contract under a "market out" clause in paragraph 3(d) of the contracts. WNG paid for the gas taken during the 30 day notice period at the minimum rate provided in paragraph 3(d) of the Contract, i.e., the regulated price in effect before deregulation. In February, 1985, WNG brought an action in state court seeking a declaratory judgment that it had the right to exercise the market out clause. Diversity existed between the parties and the case was removed to federal court.

Defendant Cabot Petroleum Corp. has moved for summary judgment on two issues: first, that the "market out" provision is not available to WNG because a condition precedent has not occurred, and second, that the contract establishes the last regulated price as the post-deregulation contract price. Amoco Production Company, Prima Energy Corp., Carlyle Petroleum, Inc., Alpar Resources, Inc., John P. Lockridge, Mesa Petroleum, MTS Limited Partnership, JER Partnership and Yuma County Oil Company, all sellers of natural gas and defendants, have joined in Cabot's motion.

Though there are some immaterial differences, the pricing paragraphs used in the contracts between WNG and the defendants are virtually the same. A typical pricing provision reads:

3. *Price*

For all gas received by Bonny for the account of Buyer under this Contract less gas used as compressor fuel, Buyer shall pay Seller by check on or before the 25th day of the next calendar month succeeding each Fiscal Month in which such gas had been delivered, the applicable one of the following prices for the gross heating value thereof as determined pursuant to Section 4(g):

(a) For gas received during the month of April, 1982, the price shall be three dollars and nine and three-tenths cents ($3.093) per million (1,000,000) Btu's.

(b) For gas received during each succeeding month thereafter, the price per million (1,000,000) Btu's shall be the applicable price determined in accordance with the Natural Gas Policy Act of 1978, as such price may be revised from time to time by the Federal Energy Regulatory Commission.

(c) Notwithstanding anything herein to the contrary, it is agreed that if the Federal Energy Regulatory Commission is exercising pricing jurisdiction over the gas purchased and sold hereunder, the price to be paid for such gas shall be equal to the applicable maximum lawful rate approved by such authority. If such authority shall at any time or from time to time prescribe, approve or permit a price or prices, however determined, applicable to the gas being sold and delivered hereunder, which is higher than the price otherwise applicable hereunder, then the price for gas sold hereunder shall be increased to equal such higher price effective as of the date such authority allows the same to become effective. Whenever the provisions of Paragraph (c) or (d) of this Section effectuate an increase in price, such increased price including any adjustments, reimbursements and/or escalations shall thereupon be substituted for and become the applicable Contract price hereunder.

(d) In the event that the regulation of the price at which natural gas is sold ceases in whole or in part, or is modified, so as to allow for the sale of gas hereunder at redetermined prices, then the Seller shall have the right to request a rede-

termination of the price at which natural gas is to be sold hereunder.... The redetermined price, including tax reimbursement, to be paid during each such period shall be the arithmetic average of the two (2) highest prices then being paid by two different gas transmission companies pursuant to contracts for gas of substantially the same quality and quantity, and produced within the Denver Julesberg Basin.... If at any time Buyer determines in his sole judgment that it is uneconomical to continue to purchase Seller's gas at the price established in this Paragraph (d), then, Buyer may terminate this Contract upon thirty (30) days written notice to Seller....

(e) If the Federal Energy Regulatory Commission or any other authority shall at any time prescribe, approve or permit a price for High–Cost Natural Gas (as described in Section 107 of the Natural Gas Policy Act of 1978) including, without limitation, High–Cost gas from Tight Formations, applicable to the gas sold hereunder, which price is in excess of the price as determined in Paragraphs (a), (b), (c) or (d) hereof then Seller shall receive a price not less than the highest price in Paragraphs (a), (b), (c) or (d) or the applicable maximum lawful price prescribed, approved or permitted by the Federal Energy Regulatory Commission pursuant to their incentive pricing authority granted in Section 107 Paragraph (b) of the Natural Gas Policy Act of 1978.

## I. WHETHER THE MARKET OUT CLAUSE APPLIES

■ WNG argues that the market out clause of paragraph 3(d) is available automatically upon deregulation. Under the contract's plain language, WNG may terminate the contract at its option if it does not wish to purchase gas at the redetermined price established pursuant to that paragraph. The price cannot be redetermined without a request for redetermination made by the seller. Although the gas has been deregulated, no seller has requested redetermination of the price. Accordingly, the condition precedent to the exercise of

the power of termination has not occurred. The defendant's motion for summary judgment on this issue is, therefore, granted.

## II. WHETHER THE CONTRACT SETS A POST-DEREGULATION PRICE

 Interpretation of an unambiguous contract is a matter of law for the court. *See, e.g., ABC Mobile Systems v. Harvey,* 701 P.2d 137 (Colo.App.1985). A determination of whether a contract is ambiguous is also for the court to decide. *See Pepcol Mfg. Co. v. Denver Union Corp.,* 687 P.2d 1310, 1314 (Colo.1984). The court finds that the contract is not ambiguous. It simply does not set a post-deregulation price in the absence of a request for price redetermination under paragraph 3(d).

Analysis of the pricing provision, paragraph by paragraph, shows that the contract does not establish a price after deregulation in the absence of a price redetermination. Paragraph 3(a) sets a price for the first month of the contract. Paragraph 3(d) is the only provision for pricing after deregulation and it never became operative because no seller has requested a price redetermination. Paragraphs 3(b) and 3(e) apply only to regulated pricing. Paragraph 3(c) also applies only if FERC "is exercising pricing jurisdiction over the gas purchased and sold hereunder" or to an increased price under paragraph 3(d). Obviously, the parties to these contracts failed to anticipate a market price reduction after deregulation and they made no agreement for a contract price in that event, without a seller's request for redetermination.

Although WNG currently does not have a motion for summary judgment pending on this point, in the interest of judicial economy, in addition to denying the sellers' motion, this court concludes that the contract price must be determined under the Uniform Commercial Code as enacted in Colorado. *See* Colo. Rev.Stat. § 4-2-107(1); *KN Energy Inc. v. Great Western Sugar Co.,* 698 P.2d 769, 778 n. 10 (Colo.) (sale of natural gas is covered by the UCC), *cert. denied,* 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). The parties entered into contracts for the sale of gas without agreeing to a price after deregulation without a seller's request for redetermination. Accordingly, a "reasonable price at the time of delivery" must be paid under Colo.Rev.Stat. § 4-2-305.

Upon the foregoing, it is

ORDERED that the defendant's motion for summary judgment that the market out clause of paragraph 3(d) of the contract is not immediately exercisable is granted, and it is

FURTHER ORDERED that the defendants' motion for summary judgment that the contract carries forward the last regulated price after deregulation is denied.